UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BRATTON,<br>    Plaintiff,<br>    v.<br>WARDEN RON BROOMFIELD, et al.,<br>    Defendants. | Case No. 20-03885 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT COUNSEL**<br><br>(Docket No. 6) |

Plaintiff filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials and staff at San Quentin State Prison ("SQSP") where he is currently incarcerated. Dkt. No. 1. Plaintiff moves for appointment of counsel. Dkt. No. 6. Plaintiff's motion for leave to proceed *in forma pauperis* shall be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.   Plaintiff's Claims

Plaintiff is suing for the denial of a reasonable accommodation request for single-cell status based on his serious medical needs and pre-existing conditions that place him at a higher risk for COVID-19. Dkt. No. 1. He seeks injunctive relief so that he is not forced to be double-celled during this "life threatening crisis period." *Id.* at 3. Plaintiff makes no allegation that he is not receiving proper treatment for his serious medical needs. Rather, he is purely concerned for possible exposure to COVID-19 due to his pre-existing conditions. Accordingly, it appears that Plaintiff is attempting to state a claim under the Eighth Amendment claim for unsafe prison conditions.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference."

*See, e.g.*, *Farmer*, 511 U.S. at 834 (inmate safety); *Helling*, 509 U.S. at 32-33 (inmate health); *Wilson*, 501 U.S. at 302-03 (general conditions of confinement); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (inmate health).

Even if the Court assumes that Plaintiff satisfies the first element, he fails to establish the second element, *i.e.*, that each named defendant acted with deliberate indifference to an objectively serious deprivation. He names as defendants various SQSP employees: C. Young, Ron Broomfield, Dr. M. Rowe, R. Downey, M. Dahl, V. Bolden, Daniel A. Smith, E. Tootell, S. R. Albritton, Dr. S. Garrigan, Dr. Sandler, A. Maxfield, and Nicole Smith. Dkt. No. 1 at 2. However, nowhere in his statement of claim does he describe the individual actions of any of these defendants to establish that they were personally involved in the alleged deprivation, or much less that they each acted with deliberate indifference. Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-37 & n.4; *see also Estelle*, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

In preparing an amended complaint, Plaintiff should keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally

3

required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. Accordingly, Plaintiff must allege sufficient facts describing each named defendant's actions or failure to act that caused the violation of his Eighth Amendment rights.

## C. Motion for Appointment of Counsel

Plaintiff moves for appointment counsel based on his indigency, complexity of the issues, need for discovery, limited access to law library and other resources, and limited legal knowledge or experience. Dkt. No. 6 at 3-4. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, the challenges described by Plaintiff are no different from those faced by other prisoner-litigants. Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using

4

the court's form complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-03885 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint.  Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

2. Plaintiff's motion for appointment of counsel is **DENIED** without prejudice. Dkt. No. 6.

This order terminates Docket No. 6.

**IT IS SO ORDERED.**

Dated: _October 7, 2020_____

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Denying M. For Appt. of Counsel
PRO-SE\BLF\CR.20\03885Bratton_dwlta&atty

5