UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BRATTON,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN RON BROOMFIELD, et al.,<br><br>    Defendants. | Case No. 20-03885 BLF (PR)<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT COUNSEL; DENYING MOTION FOR EMERGENCY INJUNCTION**<br><br>(Docket No. 15) |

Plaintiff filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials and staff at San Quentin State Prison ("SQSP") where he is currently incarcerated. Dkt. No. 1. The Court dismissed the complaint with leave to amend to correct deficiencies in the pleading, then dismissed the matter when Plaintiff did not respond in the time provided. Dkt. Nos. 9, 10. The Court subsequently found good cause and granted Plaintiff's request to reopen the action after receiving his amended complaint. Dkt. No. 14. The Court now proceeds with an initial review of the amended complaint below. Dkt. No. 12.

///

///

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

In the original complaint, Plaintiff was suing for the denial of a reasonable accommodation request for single-cell status based on his serious medical needs and pre-existing conditions that placed him at a higher risk for COVID-19. Dkt. No. 1. He sought injunctive relief so that he is not forced to be double-celled during this "life threatening crisis period." *Id.* at 3. Plaintiff made no allegation that he was not receiving proper treatment for his serious medical needs. Rather, he was purely concerned for possible exposure to COVID-19 due to his pre-existing conditions. The Court construed the allegations as an attempt to state a claim under the Eighth Amendment claim for unsafe prison conditions. Dkt. No. 9 at 2.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993).

2

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *See, e.g., Farmer*, 511 U.S. at 834 (inmate safety); *Helling*, 509 U.S. at 32-33 (inmate health); *Wilson*, 501 U.S. at 302-03 (general conditions of confinement); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (inmate health).

Even if the Court assumed that Plaintiff satisfied the first element for an Eighth Amendment claim, the allegations were still deficient with respect to the second element, because Plaintiff failed to allege that each named defendant acted with deliberate indifference. He named as defendants various SQSP employees: C. Young, Ron Broomfield, Dr. M. Rowe, R. Downey, M. Dahl, V. Bolden, Daniel A. Smith, E. Tootell, S. R. Albritton, Dr. S. Garrigan, Dr. Sandler, A. Maxfield, and Nicole Smith. Dkt. No. 1 at 2. However, nowhere in his statement of claim did he describe the individual actions of any of these defendants to establish that they were personally involved in the alleged deprivation, or much less that they each acted with deliberate indifference.

In preparing an amended complaint, Plaintiff was advised to keep the following principles in mind. Dkt. No. 9 at 3. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

3

Plaintiff's amended complaint alleges that Defendants were deliberately indifferent for failing to protect him from the risk of COVID-19 infection as an elderly ADA patient who is immunocompromised due to "chronic lymphocytic leukemia" and T.B. Dkt. No. 12 at 3. Plaintiff alleges that he has repeatedly requested single-cell housing since the coronavirus has been circulating. *Id.* He was forced to house with another inmate on April 27, 2020, and then a different inmate on June 4, 2020. *Id.* Then on June 28, 2020, Plaintiff claims he was "pronounced positive for covid." *Id.* Plaintiff seeks injunctive relief and damages. *Id.* at 5.

As before, even if the Court assumes that Plaintiff satisfies the first element for an Eighth Amendment deliberate indifference claim, his allegations are deficient because he again fails to satisfy the second element, i.e., that each named defendant acted with deliberate indifference. He provides the same list of Defendants as in his original complaint: C. Young, ADA Coordinator; Ron Broomfield, Warden; Dr. M. Rowe, Physician & Surgeon; R. Downey, staff psychologist-clinical; M. Dahl, Correctional Counselor II Appeals; V. Bolden, ADA Office Technician; Daniel A. Smith, MD Chief Physician & Surgeon; E. Tootell, Chief Medical Executive; S. R. Albritton, ADA Coordinator; Dr. S. Garrigan, Chief Physician & Surgeon; Dr. Sandler, Psychologist-Clinical; A. Maxfield, Correctional Counselor II Appeals Coordinator; and Nicole Smith, Staff Service Analysist. Dkt. No. 12 at 2; *compare with* Dkt. No. 1 at 2. However, as with the original complaint, nowhere in the statement of claim of the amended complaint does Plaintiff describe the individual actions of any of these named defendants to establish that they were each personally involved in the alleged deprivation, or much less that they each acted with deliberate indifference.

Plaintiff shall be afforded one final opportunity to file a second amended complaint in which he must allege sufficient facts describing each named defendant's actions or failure to act that caused the violation of his Eighth Amendment rights. If Plaintiff fails to correct this deficiency after being granted a second opportunity to amend, the Court must

4

dismiss the action for failure to state a claim.

### C. Motion for Appointment of Counsel

Plaintiff again moves for appointment counsel based on his indigency, complexity of the issues, need for discovery, limited access to law library and other resources, and limited legal knowledge or experience. Dkt. No. 12 at 11-14. Plaintiff has already been advised that there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, the challenges described by Plaintiff are no different from those faced by other prisoner-litigants. Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

### D. Motion for Emergency Injunction

Plaintiff has filed a motion for status of this case and an "emergency preliminary injunction to single-cell." Dkt. No. 15.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20

5

(2008).  Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury.  *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d).  In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity.  *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996).  The court should not issue an injunction that it cannot enforce.  *Id.*

Plaintiff has failed to establish the first requirement for an injunction, i.e., likelihood of success on the merits.  *See Winter*, 555 U.S. at 20.  The Court has found the amended complaint is deficient because Plaintiff has failed to allege sufficient facts establishing that any named defendant caused a violation of his Eighth Amendment rights.  *See supra* at 4.  Furthermore, without a cognizable claim, the Court cannot determine if it has jurisdiction over any party to enforce such an injunction.  *See In re Estate of Ferdinand Marcos*, 94 F.3d at 545.  Accordingly, the motion must be denied.  Dkt. No. 15.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The amended complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint to correct the deficiencies described above.  The second amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-03885 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the second amended complaint supersedes the original and first amended complaints, and Plaintiff may not

make references to either complaint. Claims not included in the second amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing a second amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

2. Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

3. Plaintiff's motion for an emergency injunction is **DENIED**. Dkt. No. 15.

4. The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

This order terminates Docket No. 15.

**IT IS SO ORDERED.**

Dated: ___December 29, 2021____

BETH LABSON FREEMAN
United States District Judge

Order Dism. Am. Compl with LTA; Denying Other Motions
PRO-SE\BLF\CR.20\03885Bratton_dwlta-FAC&atty

7