1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10

11    RONALD BRATTON,                          Case No. 20-cv-03885 BLF (PR)
                    Plaintiff,
12                                              **ORDER OF PARTIAL DISMISSAL
              v.                                AND OF SERVICE; DIRECTING
13                                              DEFENDANTS TO FILE
                                                DISPOSITIVE MOTION OR NOTICE
14    WARDEN RON BROOMFIELD, et al.,            REGARDING SUCH MOTION;
                                                INSTRUCTIONS TO CLERK**
15                  Defendants.
16

17

18         Plaintiff filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983

19    against prison officials and staff at San Quentin State Prison ("SQSP") where he is

20    currently incarcerated.  Dkt. No. 1.  The Court dismissed the original and first amended

21    complaints with leave to amend to correct deficiencies in the pleading.  Dkt. Nos. 9, 16.

22    The Court now proceeds with an initial review of the second amended complaint ("SAC").

23    Dkt. No. 21.

24

25                                    **DISCUSSION**

26    A.    **Standard of Review**

27         A federal court must conduct a preliminary screening in any case in which a

28    prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

The original and amended complaints were dismissed with leave to amend for Plaintiff to allege sufficient facts to establish that each named defendant was personally involved in the alleged deprivation of his Eighth Amendment right to safe prison conditions.  Dkt. No. 9 at 2-3; Dkt. No. 16 at 3.

In the SAC, Plaintiff claims that he arrived at SQSP in July 2016, as an "ADA qualified inmate/patient."  Dkt. No. 21 at 5.  Plaintiff suffers from "chronic lymphocytic leukemia, thalassemia, and hypertension."  *Id.*  Plaintiff conferred with his oncologist, who gave a written recommendation that Plaintiff be single-celled to protect him from "contagious diseases and immune-compromising viruses in the illegally celled scheme." *Id.*  Plaintiff submitted a reasonable accommodation request, which was denied at a meeting on May 25, 2017.  *Id.* at 4.  After the onset of Covid-19 virus in March 2020, Plaintiff filed a second reasonable accommodation request on April 9, 2020.  *Id.* at 4, 6. The request was denied by the "Reasonable Accommodation Response Panel," which was comprised of the following: S.R. Albritton (ADA Coordinator); Dr. S. Garrigan (Chief Physician); Dr, Sandler (Psychologist-Clinical (CF)); A. Maxfield (Correctional II Appeals Coordinator); and Nicole Smith (Staff Service Analyst).  *Id.* at 4-5.  Plaintiff claims that all the defendants were informed "about the dangers of serious health hazards by viruses and

2

diseases in the close quarters of the one-man-cells, containing the over-crowded two men in a cell." *Id.* at 6. Plaintiff claims that this situation "then turned to tragedy" when dozens of unvaccinated and untested infected inmates were transferred to SQSP. *Id.* Plaintiff claims that a few days after the first inmates were found to be infected, a few dozen were transferred into single-cells and forced to double-cell; Plaintiff was "doubled-up" and infected in June 2020. *Id.* Plaintiff seeks injunctive relief to be single-celled for his medical safety and damages. Liberally construed, these allegations are sufficient to state a claim under the Eighth Amendment against members of the "Reasonable Accommodation Response Panel" who denied Plaintiff's request for single-cell status in April 2020, for failing to protect him from infection due to his immunocompromised medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

On the other hand, the denial of the reasonable accommodation request on May 25, 2017, by a completely different group of defendants[1] is a separate claim which must be filed in a separate action because it is unrelated to the injury Plaintiff complains of in the instant action due to his exposure to and infection of Covid-19. *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly, those defendants shall be terminated from this action to Plaintiff filing a separate action against them and paying the required filing fee.[2]

Defendant Warden Ron Broomfield will also be dismissed from this action because Plaintiff alleges no specific facts regarding Warden Broomfield's personal involvement in the deprivation alleged. Plaintiff was given two opportunities to state sufficient facts to

---

[1] The members of the "Reasonable Accommodation Panel and RAP Staff" that denied Plaintiff's May 2017 request are completely different from the Panel that denied his April 2020 request. *See* Dkt. No. 210 at 4.

[2] If Plaintiff wishes to pay the filing fee and pursue this claim in a separate action, he may file a proposed complaint containing this claim and naming appropriate defendants along with a motion to sever that claim from this action. The Court will then order the claim severed from this action and have the proposed complaint opened as a new action with the same filing date as this instant matter.

1    support a claim against each named defendant based on their individual actions that caused

2    the deprivation of his rights.  He has again failed to do so.  Plaintiff shall not be afforded

3    another opportunity.  *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003)

4    (district court's discretion to deny leave to amend particularly broad where the plaintiff has

5    previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

6    1992).

7

8                                                **CONCLUSION**

9            For the foregoing reasons, the Court orders as follows:

10           1.      The following defendants shall be terminated from this action: Ron

11   Broomfield, C. Young, Dr. M. Rowe, R. Downey, M. Dahl, V. Bolden, Daniel A. Smith,

12   E. Tootell, and J. Masongay.

13           The Clerk shall enclose 2 copies of the court's form complaint along with an

14   application to proceed *In Forma Pauperis* with a copy of this order to Plaintiff.

15           2.      The following defendants shall be served at SQSP:

16                   a.      **S.R. Albritton (ADA Coordinator)**

17                   b.      **Dr. S. Garrigan (Chief Physician)**

18                   c.      **Dr, Sandler (Psychologist-Clinical (CF))**

19                   d.      **A. Maxfield (Correctional II Appeals Coordinator)**

20                   e.      **Nicole Smith (Staff Service Analyst)**

21           Service on the listed defendant(s) shall proceed under the California Department of

22   Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from

23   prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve

24   on CDCR via email the following documents: the operative complaint, and any

25   attachments thereto, Dkt. No. 21, this order of service, and a CDCR Report of E-Service

26   Waiver form.  The clerk also shall serve a copy of this order on the plaintiff.

27           No later than 40 days after service of this order via email on CDCR, CDCR shall

28                                                       4

United States District Court
Northern District of California

provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.      **No later than thirty-five (35) days** from the date the CDCR Report of E-Service Waiver is filed, **Defendant shall file an opposition to Plaintiff's motion for preliminary injunction and supplemental thereto**.  Dkt. Nos. 6, 9.  Plaintiff's reply shall be filed no later than **fourteen (14) days** after Defendant's opposition is filed.

4.      In the same time in which to file an opposition to Plaintiff's preliminary injunction motion, Defendant may file a motion to dismiss under the Federal Rules of Civil Procedure.

a.      Plaintiff's opposition to Defendant's motion to dismiss shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

b.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5.      If no motion to dismiss is filed, no later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment with respect

5

to the claims in the complaint found to be cognizable above.

a.   Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.   **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

6.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

7.   Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

8.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9.   All communications by the Plaintiff with the Court must be served on

6

Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

11.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:  __August 22, 2022_____**

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\BLF\CR.20\03885Bratton_svc

United States District Court
Northern District of California

7