UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD W. BRATTON,<br><br>    Plaintiff,<br><br>v.<br><br>S.R. ALBRITTON, et. al.,<br><br>    Defendants. | Case No. 20-cv-03885 BLF (PR)<br><br>**ORDER DISMISSING DECEASED DEFENDANT A. SANDLER UNDER FEDERAL RULE OF CIVIL PROCEDURE 25(A)** |

Plaintiff, a state inmate filed instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against personnel at San Quentin State Prison. Dkt. No. 1. On August 22, 2022, the Court found the complaint, liberally construed, stated cognizable claims and ordered the matter served on Defendants. Dkt. No. 22. Defendants who appeared filed a motion to dismiss. Dkt. No. 30. The Court directed Defendants' counsel to file a formal notice of suggestion of death of Defendant Sandler because the CDCR's notice indicating that this defendant was deceased was not sufficient. Dkt. No. 31. In the same order, Plaintiff was advised that he must move for substitution of deceased Defendant after he receives notice of the successor or representative. *Id.* at 2.

On December 2, 2022, counsel for Defendants filed a formal Suggestion of Death

of Defendant A. Sandler. Dkt. No. 33. According to the information filed by counsel, Defendant Sandler's representative is Christine Mok, wife of the deceased, who waived personal service of the Notice and acknowledged service of the notice on December 1, 2022. *Id.* at 4. Defendants served Plaintiff with the notice and attached papers on December 2, 2022. *Id.* at 5.

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). Two things are required of a party for the running of the 90 day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). A party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232-34. Rule 25 requires dismissal absent a motion for substitution within the 90-day period only if the statement of death was properly served. *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469-71 (2d Cir. 1998).

Defendants filed a formal suggestion of death of deceased Defendant Sandler on December 2, 2022, and served the notice on the deceased Defendant's representative on December 1, 2022. Dkt. No. 33. Accordingly, the 90-day period under Rule 25(a) began to run on December 2, 2022, and expired on March 2, 2023. *See Barlow*, 39 F.3d at 233. Plaintiff was served with the notice on December 2, 2022, yet did not file a motion for substitution in that time. Accordingly, the action against deceased Defendant Sandler must be dismissed under Rule 25(a).

///

# CONCLUSION

Based on the foregoing, the claims against deceased Defendant A. Sandler are **DISMISSED** under Rule 25(a) of the Federal Rules of Civil Procedure.

The Clerk shall terminate Defendant A. Sandler from this action.

**IT IS SO ORDERED**

Dated: __April 11, 2023____

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order Dism. Deceased Def. Sandler
PRO-SE\BLF\CR.20\03885Bratton_dism-deceased.Def(Sandler)